UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK P., | ) |
|  | ) |
|       Plaintiff, | ) |
|  | ) |
|     v. | )  No. 1:19-cv-03136-MJD-RLY |
|  | ) |
| ANDREW M. SAUL, | ) |
|  | ) |
|       Defendant. | ) |

**ORDER ON MOTION FOR ATTORNEY FEES**

This matter is before the Court on Plaintiff's counsel's motion entitled Petition for Authorization of Attorneys Fees Pursuant to 42 U.S.C. § 406(b). [Dkt. 19.] For the reasons set forth below, the motion is **GRANTED**.

### I. Background

On July 26, 2019, Plaintiff filed a complaint seeking to reverse the decision of the Commissioner of Social Security denying his application for Social Security benefits. [Dkt. 1.] On June 19, 2020, the Court entered judgment reversing and remanding the case to the Social Security Administration for further proceedings. [Dkt. 15.] Plaintiff received an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), in the amount of $6,497.63, which was paid to Plaintiff's counsel. [Dkt. 18.]

On remand, the Commissioner issued a favorable decision. [Dkt. 19-1.] Plaintiff was awarded past-due benefits in the amount of $89,920.00, $22,480.00 (25%) of which was withheld by the Commissioner for a potential fee award. *Id.*

On June 22, 2022, Plaintiff's counsel filed the instant motion, seeking an award of attorney's fees pursuant to Section 406(b) of the Social Security Act. [Dkt. 19.] Counsel asks the Court to order the Commissioner to remit to counsel $22,480.00, and to order counsel to refund Plaintiff the $6,497.63 in EAJA fees that was awarded by the Court. The Commissioner does not object to the motion. [Dkt. 20.]

## II. Legal Standard

Section 406(b) of the Social Security Act provides that a district court may grant "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled" as part of a judgment in favor of the claimant in a disability benefit appeal. 42 U.S.C. § 406(b)(1)(A). Even where an attorney's section 406(b) motion for fees is not opposed, the Court must review the outcome of any contingent fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

## III. Discussion

As noted above, Plaintiff's counsel seeks an award of attorney fees in the amount of $22,480.00, which is 25 percent of the total past-due benefits awarded to Plaintiff. The Supreme Court in *Gisbrecht* found that section 406(b) was designed "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. Those controls include the following parameters: (1) attorney fees may only be obtained if the claimant is awarded back benefits; (2) attorney fees are awarded from, not in addition to, those

back benefits; and (3) attorney fees cannot exceed 25 percent of the back benefits. *Id.* at 795. Here, Plaintiff was awarded back benefits, so an award of section 406(b) attorney's fees is appropriate.

However, a fee award of 25 percent of the amount of past-due benefits is not presumptively reasonable "[i]f the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808. For over a decade, "'[w]ithin the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 [have] consistently [been] found to be reasonable.'" *Bradley L. v. Kijakazi*, 2021 WL 3931167, at *3 (S.D. Ind. Sept. 2, 2021) (quoting *Taylor v. Berryhill*, 2018 WL 4932042, at *2 (S.D. Ind. Oct. 10, 2018)); *see also Zimmerman v. Astrue*, No. 1:08-cv-00228, 2011 WL 5980086, at *3 (N.D. Ind. Nov. 29, 2011) (approving an award equivalent to an hourly rate of $410); *Duke v. Astrue*, No. 1:07-cv-00118, 2010 WL 3522572, at *3-4 (N.D. Ind. Aug. 30, 2010) (approving award equivalent to an hourly rate of $549.14); *Schimpf v. Astrue*, No. 1:06-cv-00018, 2008 WL 4614658, at *3 (N.D. Ind. Oct. 16, 2008) (approving award equivalent to an hourly rate of $583.50). Awards with higher equivalent hourly rates also have been awarded. *See*, *e.g.*, *Michael G. v. Kijakazi*, 2022 WL 130905, at *6 (S.D. Ind. Jan. 12, 2022) (effective hourly rate of approximately $927.12); *Ryan S. v. Kijakazi*, No. 18 C 8174, 2022 WL 93500, at *1 (N.D. Ill. Jan. 10, 2022) (effectively hourly rate of $653.19); *Bernarducci v. Saul*, 2021 WL 2376395, at *2 (N.D. Ind. June 10, 2021) (effective hourly rate of approximately $734.00).

In this case, Plaintiff's counsel expended a total of 33.1 hours litigating this case in this court. *See* [Dkt. 19-2]. Dividing $22,480.00 (i.e., the award counsel has requested under section 406(b)) by the 33.1 hours spent, the average equivalent hourly rate comes to $679.15. This is not

3

out of line with the generally accepted range in the Seventh Circuit, and the Court finds the amount to be reasonable.

## IV. Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiff's counsel's motion entitled Petition for Authorization of Attorneys Fees Pursuant to 42 U.S.C. § 406(b), [Dkt. 19], and awards fees in the amount of $22,480.00, to be paid directly to Plaintiff's counsel by the Commissioner. Plaintiff's counsel is **ORDERED** to refund to Plaintiff the $6,497.63 in EAJA fees previously paid to counsel **within thirty days** of the receipt of the funds from the Commissioner and to certify to the Court that the refund has been made.

SO ORDERED.

Dated: 13 JUL 2022

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system